# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JPMORGAN CHASE BANK, N.A., doing business as Chase, and DOES 1-25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KRISTINE PRAZYAN, an individual

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/14/2023 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Hernandez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Glendale Courthouse
600 East Broadway, Glendale, CA 91206

**CASE NUMBER:**
*(Número del Caso):* 23GDCV01683

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Irene R. Kelian, Esq., 2121 Valderas drive, #35, Glendale, CA 91208, (818) 929-2010

DATE: 08/14/2023
*(Fecha)*

Clerk, by David W. Slayton, Executive Officer/Clerk of Court, Deputy
J. Hernandez
*(Secretario)* _____ *(Adjunto)*

(For proof of service of this summons, use *Proof of Service of Summons (form POS-010).*)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*


[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* JPMorgan Chase Bank, N.A. doing business as Chase
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/10/2023 3:58 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Hernandez, Deputy Clerk

1 | IRENE R. KELIAN
2 | 2121 Valderas drive, #35
  | Glendale, CA 91208
3 | Irene.kelian8228@gmail.com
  | 818-929-2010

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| KRISTINE PRAZYAN, an individual, | CASE NO. 23GDCV01683 |
|---|---|
| Plaintiff, | 1. COMPLAINT FOR BREACH OF CONTRACT |
| vs. | |
| JPMORGAN CHASE BANK, N.A., doing business as Chase; DOES 1 to 25, | 2. COMPLAINT FOR BREACH OF DUTY OF GOOD FATIH AND FAIR DEALING |
| Defendants. | |

Plaintiff, KRISINE PRAZYAN, (hereinafter "Kristine" or "Plaintiff") for causes of action against Defendant JPMORGAN CHASE BANK, N.A. (hereinafter "Chase" or "Defendant") and DOES 1 through 10, inclusive, (collectively referred to as "Defendants"), complains and alleges as follows:

**INITIAL ALLEGATIONS**

1. Plaintiff is an individual who at all times relevant has been a resident of Los Angeles County.

2. Plaintiff is informed, believes, and thereon alleges that Defendant JPMORGAN CHASE BANK, National Association, is a New York corporation and a national lender banking association doing business in California.

3. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate or otherwise, of defendant DOES 1 through 10, inclusive. Such fictitious defendants are

---
1
**COMPLAINT AND DEMAND FOR JURY TRIAL**

1  sued pursuant to the provision of Section 474 of the California Code of Civil Procedure. Plaintiff
2  is informed, believes and thereon alleges that each fictitious defendant was in some way
3  responsible for, participated in, contributed to the matters and things of which Plaintiff complains
4  herein, and in some fashion has legal responsibility therefore. When the exact nature and identity
5  of such fictitious defendants' responsibility for, participation in, and contribution to the matters
6  and things herein alleged is ascertained by Plaintiff, Plaintiff will seek to amend this Complaint
7  and all proceedings herein to set forth the same.

8  4.  Plaintiff is informed, believes and thereon alleges that at all times herein mentioned, each
9  defendant was the agent, servant or employee of his, her or its co-defendant, and in doing the things
10 hereinafter alleged, has acted withing the course and scope of his, her or its authority with the
11 consent and authorization of its co-defendant.

12 5.  Jurisdiction and Venue are proper in the Superior Court of the State of California, County
13 of Los Angeles because Plaintiff is a resident of the County of Los Angeles, Defendant is a
14 corporation qualified to do and is doing business within the State of California, including the
15 County of Los Angeles, damages complained of herein were sustained in the State of California,
16 County of Los Angeles.

## FACTUAL BACKGROUND

20 6.  At all relevant times, Kristine had a checking account with Defendant ending in 3812.
21 7.  Kristine routinely used her account ending in 3812 to make payments, conduct routine
22 transactions and receive funds.
23 8.  On January 20, 2023, Kristine got married. From January 26, 2023, through January 29,
24 2023, Kristine was in Las Vegas, Nevada.
25 9.  On January 23, 2023, when Kristine was leaving a hair salon, she realized that she had lost
26 the phone. Soon thereafter, on January 25, 2023, Kristine filed a Report with Los Angeles Police
27 Department to report the theft of her phone.
28 10. Beginning on or around January 25, 2023, through February 1, 2023, four fraudulent and

unauthorized wire transactions occurred in connection with Kristine's Chase checking account. More specifically, and unbeknownst to Kristine, $99,000.00 was fraudulently taken from Kristine's checking account in the form of wire transfers.

11. As a victim of identity theft and fraud, Kristine immediately notified Chase upon learning of fraudulent transactions and soon thereafter filed a Report with the Los Angeles Police Department.

12. Pursuant to Kristine's Deposit Account Agreement with Chase, Chase is required to reimburse Kristine for any and all unauthorized transactions made against Kristine's checking account, including transactions made at merchants, over the phone, at ATMs or on the Internet.

13. Thus, Kristine opened a claim with Chase as soon as she discovered said transactions and requested that the full amount fraudulently withdrawn ($99,000) be reimbursed pursuant to her Deposit Account Agreement.

14. On or around March 25, 2023, Kristine received a letter stating that Chase determined that transactions were fraudulent, and she was to expect credit on her account. The only credit Kristine received was the reversal of three wire transaction fees, $25 each.

15. On or around April 3, 2023, not having received the credit, Kristine contacted Chase. During her communication, Defendant confirmed that the transactions were determined fraudulent based on the fact that IP address associated with the transactions were located in Dallas, Texas. Kristine was further advised that her claim was assigned to a wire research team which would finalize the claim.

16. On April 6, 2023, Kristine contacted Defendant again only to find out that the claim was denied. Wire research team received the claim on April 4, 2023 and denied the claim in just one day on April 5, 2023 without conducting diligent and competent investigation and reached a decision that directly contracted their correspondence dated March 25, 2023.

17. Shocked and displeased by unfair and contradictory decision, Kristine requested that her claim be investigated further. As a result, the claim was transferred to Michelle (last name unknown) at Executive Offices.

18. During her investigation from April 18, 2023 to May 12, 2023, Michelle has failed to

provide any updates, provide any timeframes regarding the ongoing investigation.

19. On or around May 12, 2023 Michelle from Executive Offices notified Kristine that her case was denied for lack of care because Kristine "had compromised her information by storing it on her phone". Michelle further advised Kristine that they had sent a request to "receiving back" as a *courtesy* (emphasis added) requesting to reimburse fraudulently transferred funds. Michelle explained that a response from the "receiving bank" can take up to 90 days as similar situations "happen very often nowadays". The request to the receiving bank was made approximately three and half months after Kristine reported the fraudulent transactions. Michelle at Executive Offices refused to provide any additional information or provide the name of the receiving bank.

20. Kristine is informed, believes and thereon alleges that Chase failed to conduct a proper investigation, failed to act promptly to recover funds from receiving back and made its determination prematurely and without substantial justification.

21. As a direct result of Chase's wrongful refusal to cover the losses sustained by Kristine as a result of the identity theft and as mandated under the Deposit Account Agreement, Kristine has suffered substantial financial loss. The funds in Kristine's account were intended to cover her wedding expenses. As a result, Kristine was forced to loan money from a private lender for 25% interest rate to cover her wedding expenses.

22. Needless to say, Kristine has suffered and continues to suffer severe emotional distress, she is having panic attacks and her martial relationship has been affected.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

23. Kristine realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 22 above as though fully set forth herein.

24. Kristine has performed all conditions, covenants and promises required by her in accordance with the Deposit Account Agreement with Chase, except those conditions, covenants and promises that were prevented or excused by Defendants' unlawful conduct and breaches of

the Agreement.

25. Despite Kristine's complete performance, Defendants breached the terms of their agreement with Kristine by failing to perform therewith, namely by failing to honor the terms of the Deposit Account Agreement as it related to fraudulent and/or unauthorized transactions.

26. Defendant's failure to perform, as set forth above, was a material breach of the agreement existing between the parties.

27. As a direct and proximate result of Defendants' breach of the said agreement, Kristine has suffered and continues to suffer serious damages in an amount to be proven at the time of trial, plus, interest, attorney's fees, costs and consequential damages, but in no event less than $99,000.

## SECOND CAUSE OF ACTION

### BREACH OF DUTY OF GOOD FATIH AND FAIR DEALING

28. Kristine realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 22 above as though fully set forth herein.

29. Relationship between Kristine and Defendant characterized by elements of public interest, adhesion, and fiduciary responsibility created the necessary special relationship. Due to the nature of the relationship between Kristine and Defendant, Kristine entrusted her funds and depended on the Chase's honesty and expertise to protect her.

30. Chase breached the duty of good faith and fair dealing owed to Kristine through the following unreasonable conduct committed without proper cause:

    a. Failing to act reasonably promptly with respect to the claim and request action from receiving bank within reasonable time.

    b. Failing to conduct a proper and diligent investigation and denying the claim after review of one day.

    c. Conducting a biased investigation aimed at denial rather than full, fair and thorough claim investigation.

    d. Failing to diligently search for evidence to support the claim instead focusing

      exclusively on evidence to defeat the claim.

    e. Refusing to credit Kristine's account despite finding of fraudulent and unauthorized transactions.

31. Defendant breached its duty of good faith and fair dealing owed to Kristine by acts and omissions of which Kristine is presently unaware, but which will be shown at the time of the trial.

32. Chase furthermore committed institutional bad faith. Chase's institutional bad faith amounts to reprehensible conduct because the conduct is part of the repeated pattern of unfair practices and not an isolated occurrence. The pattern of unfair practices constitutes a conscious course of wrongful conduct that is firmly grounded in the established company policies of Chase. Chase's institutional bad faith include taking advantage of claimants who had been affected by identity theft, subjecting them to unreasonable delays while the company tries to adduce information to help justify claims denials. Chase has engaged in similar conduct as to individuals other than Kristine and increases its profits as a result of causing similar harm to others.

33. Chase engaged in despicable conduct carried out with a willful and conscious disregard of Kristine's right or safety, or subjected Kristine to cruel and unjust hardship in conscious disregard of Kristine's right. Chase's conduct constitutes malice, oppression or fraud under California Civil Code 3294, entitling Kristine to punitive damages in the amount appropriate to punish and set an example of Chase.

34. Chase's conduct described herein was undertaken by its corporate offices or managing agents who were responsible for claim supervision, daily operations, communications and decisions. This conduct, undertaken on behalf of Omaha, which had advance knowledge of and ratified, authorized and approved conduct.

## PRAYER FOR RELIEF

Kristine respectfully requests that this court enter judgement against each Defendant. The final judgement should set forth the following relief:

  a. Damages for Chase's breach of contract;

b. Special and general damages for Chase's breach of duty of good faith and fair dealing;

c. Punitive damages for Chase's breach of duty of good faith and fair dealing committed with malice, oppression or fraud;

d. Attorney fees incurred, pursuant to *Brandt v. Superior Court* (1985) 37 Cal. 3d 813, in recovering Chase's breach of duty of good faith and fair dealing;

e. Pre-judgement and post judgement interested provided by law;

f. Any other further relief as the court may deem just and proper.

DATED: 08/10/2023

By: _____
IRENE KELIAN
Attorney for Plaintiff
KRISTINE PRAZYAN

---

7
**COMPLAINT AND DEMAND FOR JURY TRIAL**

## JURY DEMAND

Plaintiff hereby demands a jury trial on all causes of action that can be heard by a jury.

DATED: 08/10/2023 _____

By: _____
IRENE KELIAN
Attorney for Plaintiff
KRISTINE PRAZYAN